UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| CONNIE L. COTTRILL-URMOS, | ) | CASE NO. 1:16CV684-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| COMMISSIONER OF SOCIAL | ) | AND ORDER |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |


The Social Security Administration denied Plaintiff Connie Cottrill-Urmos' application for supplemental social security income ("SSI") and disability insurance benefits ("DIB") under Title II and Title XVI of the Social Security Act.   Plaintiff sought review of the Commissioner's decision, and the case was referred to Magistrate Judge Thomas M. Parker for preparation of a Report and Recommendation ("R&R") pursuant to 42 U.S.C. §1383(c)(3), 42 U.S.C. §405(g), and Local Rule 72.2(b)(1).   The Magistrate Judge submitted an R&R that recommends this Court affirm the final decision of the Commissioner.  Doc. 18.  Defendant filed objections, and Plaintiff filed a response.  Docs. 19, 20.  For the following reasons, the Court hereby overrules the objection and ADOPTS the report and recommendation of the Magistrate Judge.

The R&R adequately states the factual and procedural background of this case.  Plaintiff has demonstrated no error in that background, so the Court will not reiterate those sections herein.

# I.        STANDARD OF REVIEW

When a magistrate judge submits an R&R, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has been made.  28 U.S.C. §636(b).  Objections to the R&R must be specific, not general, in order to focus the court's attention upon contentious issues.  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The Court's review of the decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  Substantial evidence is more than a mere scintilla of evidence but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Besaw v. Sec'y of Health & Human Services*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam)).

If substantial evidence supports the ALJ's decision, a reviewing court must affirm the decision even if it would decide the matter differently.  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (*citing Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)).  Moreover the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the

ALJ's findings in the instant matter, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

## II.    LAW AND ANALYSIS

Here, the ALJ determined that Plaintiff had not been under a disability since May 3, 2007, through the date of the decision; and therefore, social security benefits were denied.  The Plaintiff filed an objection, arguing that the ALJ's decision was not supported by substantial evidence.  Doc. 19.  Specifically, Plaintiff argues that the ALJ, and the thus the Magistrate Judge, erred at Step Three of the disability evaluation by finding that she did not meet Listing 1.02.  Docs. 14, 18.

It is the claimant's burden to prove that she meets or medically equals an impairment in the Listings.  *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987) (per curiam).  "For a claimant to show that this impairment matches a listing, it must meet _all_ of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  *Malone v. Comm'r of Soc. Sec.,* 507 F. App'x 470, 472 (6th Cir. 2012) (*citing Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)) (emphasis added).

### 1.  Required medical imaging findings

In her objection, Plaintiff argues generally that her MRI "clearly shows joint space narrowing in her ankles" and that this finding is sufficient to prove gross anatomical deformity. Doc. 19.  The ALJ acknowledged that Dr. Tucker's accompanying reports for her 2008 and 2009 x-rays showed "perhaps some mild narrowing of the joint space" and "mild joint space narrowing at the ankle on the left when compared to the right."  Doc. 18 at 15.  However, Dr. Tucker's reports

also point out that the "joint spaces are fairly well maintained" and there was "definitely no bone on bone and no severe osteophytes."  He again noted in 2009 that the "joint space is still fairly well maintained."  Doc. 18 at 15.  Plaintiff argues that this joint space narrowing is sufficient for the Listing.  The ALJ expressly mentioned this piece of evidence and determined that the Plaintiff did not prove that she met the Listing requirement when looking overall at the medical reports. Doc. 18 at 16 (*citing* Tr. 21); *see also Elam ex rel. Golay v. Commr. of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) (*citing Dorton v. Heckler,* 789 F.2d 363, 367 (6th Cir.1986)) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment.").

In her objection, Plaintiff does not address the remaining aspects of the medical records, namely that the joint space is well maintained.  Instead, she presents the conclusory statement the ALJ's analysis was incorrect.  Doc. 19.  "An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."  *Mullen*, 800 F.2d at 545.  The ALJ made a reasonable inference that was supported by Dr. Tucker's full medical report, and the Plaintiff has not demonstrated that the ALJ's decision was not supported by substantial evidence.

## 2.  Gross anatomical deformity

Plaintiff next argues that the ALJ improperly found that she did not meet Listing 1.02's requirement for showing a gross anatomical deformity.  Doc. 19.  She argues that the ALJ and the Magistrate Judge failed to take into account all of the evidence that was available to support a finding of gross anatomical deformity, citing:  1) on July 31, 2007 Dr. Tucker diagnosed the Plaintiff with left ankle arthrosis and flat feet with posterior tibial tendon insufficient; 2) Plaintiff's diagnosis was corroborated by the x-rays on September 24, 2008; 3) Dr. Tucker noted Plaintiff

experienced discomfort with single leg toe raise, a diffuse tenderness throughout her hind feet and ankles, and admitted sharp ankle pain, especially during weight bearing activities; and 4) Dr. Hedge diagnosed the Plaintiff with degenerative arthritis, with a slight inflammatory component in the left ankle with synovitis on her MRI on December 30, 2008.  Doc. 19.

The ALJ and Magistrate Judge specifically discussed most the items above (including one through three) and discussed the medical record overall that took all four items into consideration. Doc. 18 at 17-18.  Thus, the Court cannot conclude that the ALJ's decision lacked supporting substantial evidence.  Instead, the ALJ's decision reflects a reasonable analysis of the available medical evidence and opinions.  *See e.g., Yeager v. Colvin*, No. 5:12CV02554, 2013 WL 6019204 at *9 (N.D. Ohio Nov. 13, 2013) (finding that an ALJ's reasonable analysis of the available medical evidence/opinions should be upheld).

### 3.  Analysis of *Darabed v. Astrue*

In her initial briefing, Plaintiff cited *Darabed v. Astrue*, 2011 WL 7456148 (N.D. Ohio Dec. 6, 2011) as supporting authority for her claim of "instability."  The Magistrate Judge reviewed the decision and determined that it was not authoritative in this case nor was it illustrative since it was factually dissimilar.  The Court agrees.  Plaintiff has pointed to no error in the Magistrate Judge's analysis.  Rather, the Plaintiff implores the Court to find that *Darabed* is of greater authority or higher persuasive value than determined by the Magistrate Judge.  Because the Plaintiff points to no actual error in the Magistrate Judge's analysis of *Darabed*, the Plaintiff fails to demonstrate that the ALJ's decision lacked substantial evidence.

### 4. Chronic joint pain and stiffness with limitation on motion

Plaintiff argues that she meets the Listing 1.02's requirement of showing stiffness with limitation of motion. While the record may indicate that she had limited range of motion in her ankles, the Plaintiff fails to present any evidence as to the issue of stiffness. Instead, the Plaintiff asks the Court to infer stiffness from the notes indicating limited range of motion; however, the Plaintiff points to no evidence in the record that would allow that conclusion. As such, the ALJ did not err in determining that the Plaintiff did not meeting this Listing requirement.

## III.    CONCLUSION

Based upon the reasons stated herein, the Plaintiff's objection to the Magistrate Judge's Report and Recommendation is OVERRULED. Accordingly, the report and recommendation of the Magistrate Judge is hereby ADOPTED, and the matter is DISMISSED.

IT IS SO ORDERED.

DATE: March 15, 2017                          */s/ John R. Adams*_____
                                                                  Judge John R. Adams
                                                                  UNITED STATES DISTRICT COURT